FILED
 2009 Aug-19  PM 04:05
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CARL HARRIS, | ] |
| Petitioner, | ] |
| v. | ] CIVIL ACTION NO. 09-IPJ-RRA-0271-S |
| WARDEN LOUIS BOYD, et al., | ] |
| Respondents. | ] |

### MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that the action be dismissed as barred by the statute of limitations. Objections have been filed.

In his objections, Harris argues, for the first time, that the statute of limitations should be tolled because he is mentally incompetent. The Eleventh Circuit Court of Appeals has held that the statute of limitations enacted by the AEDPA was intended to be an ordinary statute of limitations and not a jurisdictional bar. *Helton v. Secretary for Dept. of Corrections*, 233 F.3d 1322, 1324 (11th Cir. 2000).

> It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312. Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479

>   (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").
>   In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.

*Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g.*, *Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (limitations period not equitably tolled during period when prisoner was transferred to another facility and did not have access to his papers); *Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (limitations period not equitably tolled based on prison lockdowns and misplacement of legal papers); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling). *See also Smith v. Deloach*, Civil Action No. 2:05-CV-935-MHT, 2007 WL 4219152 at *3 (M.D. Ala. Nov. 28, 2007) (lack of copy of trial transcript during time between conclusion direct appeal proceedings and filing of Rule 32 petition is not an "extraordinary circumstance" that would justify equitable tolling); *Salazar-Carvajal v. United States*, No. 8:06-CV-539-T-30MAP, 2006 WL 1063688 (M. D. Fla. April 21, 2006)(petitioner's inability to

speak or read English or fact that petitioner is unlearned in the law or unfamiliar with the one-year limitations period are not "extraordinary circumstances" that would justify equitable tolling of the limitations period).

Harris now claims that the limitations period should be equitably tolled because he was "mentally incompetent to understand his rights."  However, a general assertion of mental incompetence, without establishing a causal connection between the petitioner's "alleged mental incapacity and his ability to file a timely petition" is "insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1226 - 1227 (11th Cir. 2005)(citing cases).  Harris' conclusory allegation that he is mentally incompetent does not amount to an "extraordinary circumstance" to justify equitable tolling.

The limitations period for Harris to have filed a timely petition in this court expired on January 3, 2009.  Harris did not file his petition in this court until February 11, 2009.  Therefore, the petition is barred by the statute of limitations.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  This habeas petition is due to be dismissed.  An appropriate order will be entered.

Done this 19th day of August, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE